UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HEYWARD DOTSON,                                    )
                                                   )
                        Plaintiff,                 )
                                                   )        **COMPLAINT**
        -against-                                  )
                                                   )        **JURY TRIAL DEMANDED**
COURT SERGEANT "FNU" (First Name                   )
Unknown") FARRUGIA; COURT OFFICER                  )        **ECF CASE**
WILLIAM CHAN, Shield No. 2278; COURT               )
OFFICER "FNU" PHILIPS; JOHN DOES;                  )        **11 Civ. 1126 (WHP)(AJP)**
RICHARD ROES; ALLIEDBARTON SECURITY                )
SERVICES; MICHAEL MOES; PAUL POES;                 )
THE CITY OF NEW YORK; BILLIE BOES;                 )
LARRY LOES,                                        )
                                                   )
                        Defendants.                )
-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff HEYWARD DOTSON seeks relief

for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, and by the United States Constitution, including its First, Fourth and Fourteenth

Amendments.  Plaintiff seeks damages, both compensatory and punitive, affirmative and

equitable relief, an award of costs and attorneys' fees, and such other and further relief as this

court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

## **JURY TRIAL DEMANDED**

3.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## **VENUE**

4.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## **PARTIES**

5.     Plaintiff HEYWARD DOTSON is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of New York.

6.     Defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER "FNU" PHILIPS, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of The State of New York and/or the New York State Office of Court Administration, an agency of The State of New York.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the State of New York, were acting for, and on behalf of, and with the power and authority vested in them by The State of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER "FNU" PHILIPS, and JOHN DOES, are sued individually.

7.      Defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; and RICHARD ROES, are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of The State of New York and/or the New York State Office of Court Administration, an agency of The State of New York, responsible for the hiring, training, retention, supervision, discipline and control of clerks and other employees under their authority. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of The State of New York and/or the New York State Office of Court Administration, were acting for, and on behalf of, and with the power and authority vested in them by The State of New York and/or the New York State Office of Court Administration, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; and RICHARD ROES are sued individually.

8.      Defendant ALLIEDBARTON SECURITY SERVICES is a private security company who provides contracted security services with, on information and belief, the State of New York Unified Court System and/or the CITY OF NEW YORK for, *inter alia*, operation of the magnetometers located at the public entrance to the New York City Criminal Court, Summons Part, located at 346 Broadway, New York, NY.  Defendant ALLIEDBARTON SECURITY SERVICES has its main corporate office at Eight Tower Bridge, 161 Washington Street, Suite 600, Conshohocken, PA 19428, and has its local, New York area regional office located at 330 W. 34th Street, New York, NY 10001.  As a provider of security services for the

State of New York Unified Court System and/or the CITY OF NEW YORK at the courthouse at 346 Broadway, and by employing a security force for which it is ultimately responsible to manage the areas at which it provides security services, defendant ALLIEDBARTON SECURITY SERVICES assumes the risks incidental to the maintenance of a security business and the employment of security officers as said risk attaches to the public consumers of the services provided by defendant ALLIEDBARTON SECURITY SERVICES.

9.      Defendants MICHAEL MOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of Defendant ALLIEDBARTON SECURITY SERVICES, and were acting at all times relevant herein as agents of defendant ALLIEDBARTON SECURITY SERVICES and/or the State of New York Unified Court System and/or the CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as agents of defendants ALLIEDBARTON SECURITY SERVICES and/or the State of New York Unified Court System and/or the CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by ALLIEDBARTON SECURITY SERVICES and/or the State of New York Unified Court System and/or the CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  On information and belief, Defendants MICHAEL MOES work in close cooperation with, and/or under the direct supervision and direction of Court Officer personnel employed by the New York State Unified Court System and/or New York City Department of Citywide Administrative Services personnel employed by the CITY OF NEW YORK.  Defendants MICHAEL MOES are sued individually.

4

10.     Defendants PAUL POES, are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of Defendant ALLIEDBARTON SECURITY SERVICES, and were acting at all times relevant herein as agents of defendant ALLIEDBARTON SECURITY SERVICES and/or the State of New York Unified Court System and/or the CITY OF NEW YORK, and were responsible for the hiring, training, retention, supervision, discipline and control of the security employees under their authority.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as agents of defendants ALLIEDBARTON SECURITY SERVICES and/or the State of New York Unified Court System and/or the CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by ALLIEDBARTON SECURITY SERVICES and/or the State of New York Unified Court System and/or the CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. On information and belief, Defendants PAUL POES work in close cooperation with, and/or under the direct supervision and direction of Court Officer personnel employed by the New York State Unified Court System and/or New York City Department of Citywide Administrative Services personnel employed by the CITY OF NEW YORK.  Defendants PAUL POES are sued individually.

11.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Department of Citywide Administrative Services, the employees of which act as its agents in the realm of, *inter alia*, provision of security services / law

enforcement, and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a Department of Citywide Administrative Services, and the employment of New York City Department of Citywide Administrative Services security officers and other employees, as said risk attaches to the public consumers of the services provided by the Department of Citywide Administrative Services.

12.    Defendants BILLIE BOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Department of Citywide Administrative Services, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Department of Citywide Administrative Services, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants BILLIE BOES are sued individually.

13.    Defendants LARRY LOES, are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Department of Citywide Administrative Services, responsible for the hiring, training, retention, supervision, discipline and control of New York City Department of Citywide Administrative Services security officers and other employees under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory

officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting

for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

YORK and the New York City Department of Citywide Administrative Services, and were

otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants LARRY LOES, are sued individually.

## STATEMENT OF FACTS

14.    On September 19, 2008 Plaintiff Heyward Dotson went to the New York State

Supreme Court, 111 Centre Street, NY, NY, to attend to a Housing Court matter.

15.    When Plaintiff walked through the metal detector in the lobby, the detector kept

going off due to the tin foil in which a sandwich Plaintiff had on his person was wrapped

16.    When a Court Officer told Plaintiff to step through the machine a final time, and

Plaintiff stepped back through it successfully without it going off, Plaintiff did a celebratory

motion common among today's youth, in which one's arms are moved in a circular motion in

front of one's chest (on information and belief, the motion is called in common youth vernacular,

"The Witches' Brew").

17.    Plaintiff, however, on the date of the incident was a retired 61 year old man who

was in frail health, who made this movement simply as an act of lighthearted whimsy upon

finally making it successfully through the metal detector.

18.    Plaintiff did the motion slowly, and with no conceivable danger or disruption to

anyone that could possibly have resulted thereby.

19.    Defendant COURT SERGEANT FARRUGIA took umbrage at Plaintiff's motion,

and immediately arrested and handcuffed him in retaliation for the perceived affront.

20.     A number of Court Officers, including, on information and belief, Defendants FARRUGIA, COURT OFFICER WILLIAM CHAN, and COURT OFFICER PHILIPS, took Plaintiff upstairs in handcuffs, and held him in their custody for approximately an hour and a half.

21.     During his time in the custody of the Court Officers Plaintiff was subjected to excessively tight handcuffing.

22.     During his time in the custody of the Court Officers Plaintiff's birdseed was also taken out of his pocket and spread on a bench, and he was asked if it was drugs.

23.     Plaintiff's socks and shoes were removed by the Court Officers, and his shirt lifted up.

24.     Plaintiff was issued a summons by the Court Officers.  The summons issued to Plaintiff was signed by Defendant COURT OFFICER WILLIAM CHAN, and charged Plaintiff with disorderly conduct.  The accusatory portion of the summons, which has been retrieved from the Criminal Court's files, accuses Plaintiff of the following:

> At TPO [time and place of occurrence], Δ [defendant] was disorderly and erratic in his behavior intentionally would not follow instructions in completing the magnetometer search.  Δ then became verbally defiant and extremely uncooperative – saying "shut your mouth" "I'm not a terrorist"  Sgt. Farrugia intervened and tried to resolve the situation peacefully.  Δ continued his erratic and uncooperative behavior by yelling and flailing his arms – almost striking a member of the public.  Δ inferred that Sgt. Farrugia and Officer Phillips are skinheads.

25.     The allegations made against Plaintiff in the summons are lies made to retaliate against the Plaintiff for his perceived affront, and to attempt to cover up the wrongdoing of the Court Officers in having arrested the Plaintiff.

26.     Plaintiff missed his court date in Housing Court due to his arrest.

8

27.    Plaintiff was also unable to make his initial date at the Criminal Court to address the summons that had been issued to him.

28.    On January 26, 2009 Plaintiff went to the Criminal Court at 346 Broadway to address the summons that had been issued to him.

29.    Plaintiff had recently gotten a defibrillator implanted in his chest, and informed the Defendant JOHN DOES Court Officers present there and/or the Defendant MICHAEL MOES security personnel from ALLIEDBARTON SECURITY SERVICES and/or the Defendant BILLIE BOES security personnel from the New York City Department of Citywide Administrative Services, that he was not supposed to go through magnetometers because of the defibrillator.

30.    A RICHARD ROE / PAUL POE / LARRY LOE supervisor present there (who spoke with, on information and belief, a West Indian accent) told Plaintiff to just get on the line and keep on moving.

31.    At the desk by the magnetometer Plaintiff put his belongings in a tray and the RICHARD ROE / PAUL POE / LARRY LOE supervisor said to move it along.

32.    Plaintiff again told the RICHARD ROE / PAUL POE / LARRY LOE supervisor that he was not supposed to go through magnetometers because of the defibrillator.

33.    The RICHARD ROE / PAUL POE / LARRY LOE supervisor insisted that Plaintiff continue through the magnetometer.

34.    Plaintiff went through the magnetometer.

35.    Right after Plaintiff went through the magnetometer his defibrillator malfunctioned in his chest, knocking him to the floor and causing him a large amount of pain,

fear, and distress.

36.    Defendant JOHN DOES Court Officers present there and/or the Defendant
MICHAEL MOES security personnel from ALLIEDBARTON SECURITY SERVICES and/or
the Defendant BILLIE BOES security personnel from the New York City Department of
Citywide Administrative Services carried Plaintiff out of the building and placed him on the
sidewalk to await emergency medical personnel.

37.    Emergency medical personnel arrived and took Plaintiff to the Emergency Room
where he was admitted to the hospital.

38.    On March 30, 2009 Plaintiff returned to the Criminal Court at 346 Broadway to
again attempt to address the summons he had been issued by the Court Officers on September
19, 2008.

39.    The Defendant JOHN DOES Court Officers present there and/or the Defendant
MICHAEL MOES security personnel from ALLIEDBARTON SECURITY SERVICES and/or
the Defendant BILLIE BOES security personnel from the New York City Department of
Citywide Administrative Services remembered him from his medical emergency on January 26,
2009, and did not this time require him to go through the magnetometers, patting him down
instead.

40.    On March 30, 2009 the disorderly conduct charge against the Plaintiff was
dismissed by way of adjournment in contemplation of dismissal.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

41.    The plaintiffs incorporate by reference the allegations set forth in all preceding

10

paragraphs as if fully set forth herein.

42.    By their conduct and actions in falsely arresting, abusing process against (which caused Plaintiff to sustain further injuries when he had to appear at 346 Broadway to answer the false charges that were lodged against him), using excessive force against, violating and retaliating for the exercise of rights to free speech and assembly of, denying access to the courts of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account surrounding the September 19, 2008 incident regarding, Plaintiff Heyward Dotson, and through their deliberate indifference to Plaintiff's health and well-being with regard to the March 30, 2009 incident at 346 Broadway defendants, COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER "FNU" PHILIPS; JOHN DOES; RICHARD ROES; MICHAEL MOES; PAUL POES; BILLIE BOES; and LARRY LOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

43.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

44.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45.    By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES, PAUL POES, and LARRY LOES caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

46.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

47.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants'

12

supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train / ensure the training of its security employees and / or its privately contracted security personnel with regard to the danger posed to members of the public who wear pacemakers in passing through magnetometers, and failed to properly train / ensure the training of its security employees and / or its privately contracted security personnel with regard to what to do when a member of the public informs them at a magnetometer checkpoint that he or she is wearing a pacemaker.

51.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## **FOURTH CLAIM**

### **RESPONDEAT SUPERIOR LIABILITY OF ALLIEDBARTON SECURITY SERVICES FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

52.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53.    The conduct of defendants MICHAEL MOES and PAUL POES alleged herein, occurred while they were on duty and/or in uniform, and/or in and during the course and scope of their duties and functions as security officers manning the magnetometer entrance checkpoint

13

at the New York City Criminal Court, Summons Part located at 346 Broadway, New York, NY,

and while they were acting under color of state law as agents of defendant ALLIEDBARTON

and/or the New York State Unified Court System and/or New York City Department of Citywide

Administrative Services, and, as a result, defendant ALLIEDBARTON, as a private entity acting

under color of state law, is liable to the plaintiffs pursuant to the doctrine of respondeat superior

for deprivation of rights under the United States Constitution and 42 U.S.C. §1983.

54.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific

and serious bodily injury, pain and suffering, psychological and emotional injury, great

humiliation, costs and expenses, and were otherwise damaged and injured.

**FIFTH CLAIM**

**RESPONDEAT SUPERIOR LIABILITY OF ALLIEDBARTON SECURITY SERVICES
FOR STATE LAW VIOLATIONS**

55.    The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

56.    The conduct of defendants MOES and POES alleged herein, occurred while they

were on duty and in uniform, and/or in and during the course and scope of their duties and

functions as security officers for Defendant ALLIEDBARTON SECURITY SERVICES, and/or

while they were acting as agents and employees of defendant ALLIEDBARTON SECURITY

SERVICES, and, as a result, defendant ALLIEDBARTON SECURITY SERVICES is liable to

the plaintiffs pursuant to the state common law doctrine of respondeat superior.

57.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific

and serious bodily injury, pain and suffering, psychological and emotional injury, great

humiliation, costs and expenses, and were otherwise damaged and injured.

14

## SIXTH CLAIM

### ASSAULT AND BATTERY

58.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.    By the actions described above, defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER "FNU" PHILIPS; JOHN DOES; and RICHARD ROES did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

61.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62.    By the actions described above, defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER "FNU" PHILIPS; JOHN DOES; and RICHARD ROES falsely arrested and imprisoned plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct

and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### ABUSE OF PROCESS

64.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65.    By the conduct and actions described above, defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER "FNU" PHILIPS; JOHN DOES; and RICHARD ROES employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

67.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68.     By the actions described above, defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER "FNU" PHILIPS; JOHN DOES; and RICHARD ROES violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE
### OF RIGHTS TO FREE SPEECH AND ASSOCIATION

70.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71.     By the actions described above, defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER "FNU" PHILIPS; JOHN DOES; and RICHARD ROES violated, and retaliated for the exercise of, the free speech and association rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff

and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### TRESPASS

73.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74.     By the actions described above, defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER "FNU" PHILIPS; JOHN DOES; and RICHARD ROES willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

75.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77.     By the actions described above, defendants COURT SERGEANT "FNU" (First Name Unknown") FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278;

18

COURT OFFICER "FNU" PHILIPS; JOHN DOES; and RICHARD ROES engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### NEGLIGENCE

79.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

80.     By the actions described above, defendants DOES, ROES, MOES, and POES, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTEENTH CLAIM

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

82.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

83.     Defendant ALLIEDBARTON SECURITY SERVICES negligently hired, screened, retained, supervised and trained defendants MOES and POES.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTEENTH CLAIM

### CONSTITUTIONAL TORT

85.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86.     Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 8, 9 and 12 of the New York State Constitution.

87.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of

the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empanelling of a jury to consider the merits of the claims

herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.


Dated:      New York, New York
              February 18, 2011


                        _____/S/_____
                        JEFFREY A. ROTHMAN, Esq.
                        315 Broadway, Suite 200
                        New York, New York 10007
                        (212) 227-2980
                        Attorney for Plaintiff