UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

HEYWARD DOTSON,

                    Plaintiff,

   -against-

COURT SERGEANT CHARLES FARRUGIA;
COURT OFFICER WILLIAM CHAN, Shield No.
2278; COURT OFFICER ROBERT PHILIOS;
JOHN DOES; RICHARD ROES;
ALLIEDBARTON SECURITY SERVICES;
ANGEL BARBOSA; RICHARD CHENG;
JOACHIM KOKENJAK; ALEX MENUAU;
OLUFEMI ADEGOKI; MICHAEL MOES; PAUL
POES; THE CITY OF NEW YORK; DEPUTY
SHERIFF KEVIN SUTACK; BILLIE BOES;
LARRY LOES,

                    Defendants.

-------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**11 Civ. 1126 (WHP)(AJP)**

**ECF CASE**

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff HEYWARD DOTSON seeks relief for

the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the Americans with Disabilities Act and Rehabilitation Act.  Plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees,

and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff HEYWARD DOTSON is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of New York.

6.      Defendants COURT SERGEANT CHARLES FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER ROBERT PHILIOS, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of The State of New York and/or the New York State Office of Court Administration, an agency of The State of New York. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the State of New York, were acting for, and on behalf of, and with the power and authority vested in them by The State of New York, and

2

were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants COURT SERGEANT CHARLES FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER ROBERT PHILIOS, and JOHN DOES, are sued individually.

7.    Defendants COURT SERGEANT CHARLES FARRUGIA and RICHARD ROES, are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of The State of New York and/or the New York State Office of Court Administration, an agency of The State of New York, responsible for the hiring, training, retention, supervision, discipline and control of clerks and other employees under their authority. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of The State of New York and/or the New York State Office of Court Administration, were acting for, and on behalf of, and with the power and authority vested in them by The State of New York and/or the New York State Office of Court Administration, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants COURT SERGEANT CHARLES FARRUGIA and RICHARD ROES are sued individually.

8.    Defendant ALLIEDBARTON SECURITY SERVICES is a private security company who provides contracted security services with, on information and belief, the State of New York Unified Court System and/or the CITY OF NEW YORK for, *inter alia*, operation of the magnetometers located at the public entrance to the New York City Criminal Court, Summons Part, located at 346 Broadway, New York, NY.  Defendant ALLIEDBARTON

SECURITY SERVICES has its main corporate office at Eight Tower Bridge, 161 Washington Street, Suite 600, Conshohocken, PA 19428, and has its local, New York area regional office located at 330 W. 34th Street, New York, NY 10001. As a provider of security services for the State of New York Unified Court System and/or the CITY OF NEW YORK at the courthouse at 346 Broadway, and by employing a security force for which it is ultimately responsible to manage the areas at which it provides security services, defendant ALLIEDBARTON SECURITY SERVICES assumes the risks incidental to the maintenance of a security business and the employment of security officers as said risk attaches to the public consumers of the services provided by defendant ALLIEDBARTON SECURITY SERVICES.

9.    Defendants ANGEL BARBOSA; RICHARD CHENG; JOACHIM KOKENJAK; ALEX MENUAU; OLUFEMI ADEGOKI; and MICHAEL MOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of Defendant ALLIEDBARTON SECURITY SERVICES, and were acting at all times relevant herein as agents of defendant ALLIEDBARTON SECURITY SERVICES and/or the CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as agents of defendants ALLIEDBARTON SECURITY SERVICES and/or the CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by ALLIEDBARTON SECURITY SERVICES and/or the CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. On information and belief, Defendants ANGEL BARBOSA; RICHARD CHENG; JOACHIM KOKENJAK; ALEX MENUAU; OLUFEMI ADEGOKI; and MICHAEL MOES

4

work in close cooperation with, and/or under the direct supervision and direction of New York

City Department of Citywide Administrative Services personnel / New York City Sheriff's

Department personnel employed by the CITY OF NEW YORK. Defendants ANGEL

BARBOSA; RICHARD CHENG; JOACHIM KOKENJAK; ALEX MENUAU; OLUFEMI

ADEGOKI; and MICHAEL MOES are sued individually.

      10.    Defendants PAUL POES, are and were at all times relevant herein duly appointed

and acting supervisory officers, servants, employees and agents of Defendant ALLIEDBARTON

SECURITY SERVICES, and were acting at all times relevant herein as agents of defendant

ALLIEDBARTON SECURITY SERVICES and/or the CITY OF NEW YORK, and were

responsible for the hiring, training, retention, supervision, discipline and control of the security

employees under their authority. Said individual defendants are and were at all times relevant

herein acting under color of state law in the course and scope of their duties and functions as

agents of defendants ALLIEDBARTON SECURITY SERVICES and/or the CITY OF NEW

YORK, were acting for, and on behalf of, and with the power and authority vested in them by

ALLIEDBARTON SECURITY SERVICES and/or the CITY OF NEW YORK, and were

otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties. On information and belief, Defendants PAUL POES work

in close cooperation with, and/or under the direct supervision and direction of New York City

Department of Citywide Administrative Services personnel / New York City Sheriff's Department

personnel employed by the CITY OF NEW YORK. Defendants PAUL POES are sued

individually.

      11.    Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York. It is authorized

by law to maintain a Department of Citywide Administrative Services and a Sheriff's Office, the

employees of which act as its agents in the realm of, *inter alia*, provision of security services / law

enforcement, and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK

assumes the risks incidental to the maintenance of a Department of Citywide Administrative

Services and Sheriff's Office, and the employment of New York City Department of Citywide

Administrative Services security officers and other employees, and Sheriff's Office Deputy

Sheriffs and other employees, as said risk attaches to the public consumers of the services

provided by the Department of Citywide Administrative Services and the Sheriff's Office.

12.    Defendants DEPUTY SHERIFF KEVIN SUTACK and BILLIE BOES, are and

were at all times relevant herein duly appointed and acting officers, servants, employees and

agents of THE CITY OF NEW YORK and/or the New York City Department of Citywide

Administrative Services and/or Sheriff's Office, municipal agencies of defendant THE CITY OF

NEW YORK. Said individual defendants are and were at all times relevant herein acting under

color of state law in the course and scope of their duties and functions as officers, agents,

servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on

behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and

the New York City Department of Citywide Administrative Services and/or Sheriff's Office, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties. Defendants DEPUTY SHERIFF KEVIN SUTACK and

BILLIE BOES are sued individually.

13.    Defendants DEPUTY SHERIFF KEVIN SUTACK and LARRY LOES, are and

were at all times relevant herein duly appointed and acting supervisory officers, servants,

employees and agents of THE CITY OF NEW YORK and/or the New York City Department of

Citywide Administrative Services and/or Sheriff's Office, responsible for the hiring, training,

retention, supervision, discipline and control of New York City Department of Citywide

Administrative Services security officers and other employees, and Sheriff's Office Deputy

Sheriffs and other employees, under their command.  Said individual defendants are and were at

all times relevant herein acting under color of state law in the course and scope of their duties and

functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF

NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them

by THE CITY OF NEW YORK and the New York City Department of Citywide Administrative

Services and/or Sheriff's Office, and were otherwise performing and engaging in conduct

incidental to the performance of their lawful functions in the course of their duties.  Defendants

DEPUTY SHERIFF KEVIN SUTACK and LARRY LOES, are sued individually.

## STATEMENT OF FACTS

14.    On September 19, 2008 Plaintiff Heyward Dotson went to the New York State

Supreme Court, 111 Centre Street, NY, NY, to attend to a Housing Court matter.

15.    When Plaintiff walked through the metal detector in the lobby, the detector kept

going off due to the tin foil in which a sandwich Plaintiff had on his person was wrapped

16.    When a Court Officer told Plaintiff to step through the machine a final time, and

Plaintiff stepped back through it successfully without it going off, Plaintiff did a celebratory

motion common among today's youth, in which one's arms are moved in a circular motion in

front of one's chest (on information and belief, the motion is called in common youth vernacular,

7

"The Witches' Brew").

17.    Plaintiff, however, on the date of the incident was a retired 61 year old man who was in frail health, who made this movement simply as an act of lighthearted whimsy upon finally making it successfully through the metal detector.

18.    Plaintiff did the motion slowly, and with no conceivable danger or disruption to anyone that could possibly have resulted thereby.

19.    Defendant COURT SERGEANT FARRUGIA took umbrage at Plaintiff's motion, and immediately arrested and handcuffed him in retaliation for the perceived affront.

20.    A number of Court Officers, including, on information and belief, Defendants FARRUGIA, COURT OFFICER WILLIAM CHAN, and COURT OFFICER PHILIOS, took Plaintiff upstairs in handcuffs, and held him in their custody for approximately an hour and a half.

21.    During his time in the custody of the Court Officers Plaintiff was subjected to excessively tight handcuffing.

22.    During his time in the custody of the Court Officers Plaintiff's birdseed was also taken out of his pocket and spread on a bench, and he was asked if it was drugs.

23.    Plaintiff's socks and shoes were removed by the Court Officers, and his shirt lifted up.

24.    Plaintiff was issued a summons by the Court Officers.  The summons issued to Plaintiff was signed by Defendant COURT OFFICER WILLIAM CHAN, and charged Plaintiff with disorderly conduct.  The accusatory portion of the summons, which has been retrieved from the Criminal Court's files, accuses Plaintiff of the following:

At TPO [time and place of occurrence], Δ [defendant] was disorderly and erratic in his

behavior intentionally would not follow instructions in completing the magnetometer search. Δ then became verbally defiant and extremely uncooperative – saying "shut your mouth" "I'm not a terrorist" Sgt. Farrugia intervened and tried to resolve the situation peacefully. Δ continued his erratic and uncooperative behavior by yelling and flailing his arms – almost striking a member of the public. Δ inferred that Sgt. Farrugia and Officer Phillips are skinheads.

25.    The allegations made against Plaintiff in the summons are lies made to retaliate against the Plaintiff for his perceived affront, and to attempt to cover up the wrongdoing of the Court Officers in having arrested the Plaintiff.

26.    Plaintiff missed his court date in Housing Court due to his arrest.

27.    Plaintiff was also unable to make his initial date at the Criminal Court to address the summons that had been issued to him.

28.    On January 26, 2009 Plaintiff went to the Criminal Court at 346 Broadway to address the summons that had been issued to him.

29.    Plaintiff had recently gotten a defibrillator implanted in his chest, and informed one of the security personnel upon entering the building – on information and belief one of either Defendants ANGEL BARBOSA, RICHARD CHENG, JOACHIM KOKENJAK, ALEX MENUAU, OLUFEMI ADEGOKI from ALLIEDBARTON SECURITY SERVICES or DEPUTY SHERIFF KEVIN SUTACK - that he was not supposed to go through magnetometers because of the defibrillator.

30.    This Defendant individual who Plaintiff spoke with (who spoke with, on information and belief, a West Indian accent), who seemed to be exercising some sort of supervisory role, told Plaintiff to just get on the line and keep on moving.

31.    At the desk by the magnetometer Plaintiff put his belongings in a tray, and again

told the security personnel that he was not supposed to go through magnetometers due to his defibrillator.

32.    The same Defendant individual told Plaintiff to move it along.

33.    Plaintiff again told this Defendant individual that he was not supposed to go through magnetometers because of the defibrillator.

34.    The same Defendant individual insisted that Plaintiff continue through the magnetometer.

35.    Plaintiff went through the magnetometer.

36.    Plaintiff's conversations with the Defendant individual who directed him to go through the magnetometer were within earshot of a few of the other security officers who were present at the scene.

37.    None of the other Defendant security personnel present at the scene intervened to prevent the Defendant individual who directed Plaintiff to go through the magnetometer from so directing Plaintiff.

38.    Right after Plaintiff went through the magnetometer his defibrillator malfunctioned in his chest, knocking him to the floor and causing him a large amount of pain, fear, and distress.

39.    According to a log kept by the ALLIEDBARTON SECURITY SERVICES a "Sheriff" - on information and belief Defendant DEPUTY SHERIFF KEVIN SUTACK – called for emergency medical technicians to come to the scene to render care to Plaintiff.

40.    On information and belief, Defendant MICHAEL MOES security personnel from ALLIEDBARTON SECURITY SERVICES – which included Defendants ANGEL BARBOSA, RICHARD CHENG, JOACHIM KOKENJAK, ALEX MENUAU, OLUFEMI ADEGOKI -

and/or Defendant DEPUTY SHERIFF KEVIN SUTACK carried Plaintiff out of the building and placed him on the sidewalk to await emergency medical personnel.

41.    Emergency medical personnel arrived and took Plaintiff to the Emergency Room where he was admitted to the hospital.

42.    Defendant ALLIEDBARTON SECURITY SERVICES has entered into a contract ("the contract") with the CITY OF NEW YORK's Department of Citywide Administrative Services ("DCAS") to provide security services at 346 Broadway.

43.    § 1.5 (C) of the contract states that "[e]ach guard [from ALLIEDBARTON SECURITY SERVICES] will be interviewed for approval or disapproval by authorized designees of the City."

44.    § 2.0 of the contract requires that for the worksites where ALLIEDBARTON SECURITY SERVICES will be providing contracted security guards – one of which being 346 Broadway - there be an "On-Site Supervisor" to be "designated, in writing" who would "have the training and authority to supervise all levels of employers on a day-to-day basis," and that these individuals "shall not simultaneously perform the duties of the on-site supervisor and protective guard."

45.    On information and belief - the source of which is counsel for ALLIEDBARTON SECURITY SERVICES - there is no longer an ALLIEDBARTON SECURITY SERVICES On-Site Supervisor at 346 Broadway, since the CITY OF NEW YORK'S DCAS eliminated that position in 2008.

46.    On information and belief, on a day to day basis the ALLIEDBARTON SECURITY SERVICES personnel are supervised by a member of the CITY OF NEW YORK'S

11

DCAS.

47.    On information and belief - the source of which is counsel for the CITY OF NEW YORK - on January 26, 2009, no DCAS employee was working at the entrance area of 346 Broadway, as it was that individual's day off.

48.    On information and belief - the source of which is counsel for the CITY OF NEW YORK - on January 26, 2009 DEPUTY SHERIFF KEVIN SUTACK was filling in for the DCAS employee who normally works at the entrance area to 346 Broadway.

49.    On information and belief - the source of which is counsel for ALLIEDBARTON SECURITY SERVICES and counsel for the CITY OF NEW YORK - no incident report was generated stemming from the January 26, 2009 incident, despite the reference in § 3.06 (B) of the contract to "incident reports" that should be completed.

50.    In an attempt to cover up the January 26, 2009 incident and to avoid responsibility for the harm that was inflicted upon the Plaintiff, there is no extant documentation in the possession of either ALLIEDBARTON SECURITY SERVICES or the CITY OF NEW YORK that indicates that Plaintiff's cardiac equipment malfunction was caused by his being directed to go through the magnetometer at 346 Broadway.

51.    On information and belief - the source of which is counsel for ALLIEDBARTON SECURITY SERVICES and counsel for the CITY OF NEW YORK – the only document in the possession, custody, or control of ALLIEDBARTON SECURITY SERVICES or the CITY OF NEW YORK that references the January 26, 2009 incident in any way is the log book entry that simply states that "Sheriff Made Call to FDNY/EMS, Pacemaker failure."

52.    On information and belief - the source of which is counsel for the CITY OF NEW

12

YORK - there is no one within DCAS who is responsible for overseeing ALLIEDBARTON

SECURITY SERVICES' performance of its duties under its contract with the CITY OF NEW

YORK, to ensure that ALLIEDBARTON SECURITY SERVICES is performing its duties in a

responsible and safe manner.

53.    § 4.02 of the contract requires that ALLIEDBARTON SECURITY SERVICES

"demonstrate capability to provide training on the following equipment, at minimum: 1. Current

model of an Operational X-ray machine no older than 2 years. 2. Current model of an

Operational Magnetic Wand no older than 2 years. 3. Current model of an Operational

Magnetometer (metal detector) no older than 2 years."

54.    On information and belief, this required training concerning magnetometers was

not adequately provided to the ALLIEDBARTON SECURITY SERVICES personnel who were

working at 346 Broadway on the morning of January 26, 2009.

55.    If this required training concerning magnetometers had been adequately provided

to the ALLIEDBARTON SECURITY SERVICES personnel who were working at 346

Broadway on the morning of January 26, 2009, then it is unlikely that Plaintiff would have been

directed to proceed through the magnetometer despite his repeated statements that he was not

supposed to go through magnetometers due to his defibrillator.

56.    If this required training concerning magnetometers had been adequately provided

to the ALLIEDBARTON SECURITY SERVICES personnel who were working at 346

Broadway on the morning of January 26, 2009, then access to 346 Broadway likely would have

been provided to Plaintiff equal to that of other members of the public who do not share his

cardiac disability.

57.     On March 30, 2009 Plaintiff returned to the Criminal Court at 346 Broadway to again attempt to address the summons he had been issued by the Court Officers on September 19, 2008.

58.     The Defendant MICHAEL MOES security personnel from ALLIEDBARTON SECURITY SERVICES and/or the Defendant BILLIE BOES security personnel from the New York City Department of Citywide Administrative Services or New York City Sheriff's Office remembered him from his medical emergency on January 26, 2009, and did not this time require him to go through the magnetometers, patting him down instead.

59.     On March 30, 2009 the disorderly conduct charge against the Plaintiff was dismissed by way of adjournment in contemplation of dismissal.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

60.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

61.     By their conduct and actions in falsely arresting, abusing process against (which caused Plaintiff to sustain further injuries when he had to appear at 346 Broadway to answer the false charges that were lodged against him), using excessive force against, violating and retaliating for the exercise of rights to free speech and assembly of, denying access to the courts of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account surrounding the September 19, 2008 incident regarding, Plaintiff Heyward Dotson, and by their conduct and actions in seizing, and failing to intercede on behalf of, Plaintiff Heyward Dotson, and through

14

their deliberate indifference to Plaintiff's health and well-being with regard to the January 26, 2009 incident at 346 Broadway defendants, COURT SERGEANT CHARLES FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER ROBERT PHILIOS; JOHN DOES; RICHARD ROES; ANGEL BARBOSA; RICHARD CHENG; JOACHIM KOKENJAK; ALEX MENUAU; OLUFEMI ADEGOKI; MICHAEL MOES; PAUL POES; DEPUTY SHERIFF KEVIN SUTACK; BILLIE BOES; and LARRY LOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

62.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

63.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

64.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers COURT SERGEANT CHARLES FARRUGIA, DEPUTY SHERIFF KEVIN SUTACK, RICHARD

ROES, PAUL POES, and LARRY LOES caused damage and injury in violation of Plaintiff's

rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First,

Fourth and Fourteenth amendments.

65.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific

and serious bodily injury, pain and suffering, psychological and emotional injury, great

humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

66.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

67.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its Department of Citywide Administrative Services and/or its Sheriff's Office, and

through the individual defendants had de facto policies, practices, customs and usages which were

a direct and proximate cause of the unconstitutional conduct alleged herein.

68.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its Department of Citywide Administrative Services and/or its Sheriff's Office, and

through the individual defendants, had de facto policies, practices, customs, and usages of failing

to properly train, screen, supervise, or discipline employees and contracted security guards who

act on its behalf, and of failing to inform the individual defendants' supervisors of their need to

train, screen, supervise or discipline said defendants. These policies, practices, customs, and

usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

16

69.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its Department of Citywide Administrative Services and/or its Sheriff's Office, and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs, and usages of failing to properly train / ensure the training of its security employees and / or its privately contracted security personnel with regard to the danger posed to members of the public who wear pacemakers in passing through magnetometers, and failed to properly train / ensure the training of its security employees and / or its privately contracted security personnel with regard to what to do when a member of the public informs them at a magnetometer checkpoint that he or she is wearing a pacemaker.

70.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its Department of Citywide Administrative Services and/or its Sheriff's Office, and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs, and usages of abdicating its responsibility to oversee its contractors' performance of their duties to ensure that they are performing their duties in a responsible and safe manner.

71.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF ALLIEDBARTON SECURITY SERVICES FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

72.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73.    The conduct of defendants MICHAEL MOES and PAUL POES alleged herein,

occurred while they were on duty and/or in uniform, and/or in and during the course and scope of

their duties and functions as security officers manning the magnetometer entrance checkpoint at

the New York City Criminal Court, Summons Part located at 346 Broadway, New York, NY,

and while they were acting under color of state law as agents of defendant ALLIEDBARTON

and/or the New York State Unified Court System and/or New York City Department of Citywide

Administrative Services, and, as a result, defendant ALLIEDBARTON, as a private entity acting

under color of state law, is liable to the plaintiffs pursuant to the doctrine of respondeat superior

for deprivation of rights under the United States Constitution and 42 U.S.C. §1983.

74.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific

and serious bodily injury, pain and suffering, psychological and emotional injury, great

humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF ALLIEDBARTON SECURITY SERVICES FOR STATE LAW VIOLATIONS

75.    The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

76.    The conduct of defendants MOES and POES alleged herein, occurred while they

were on duty and in uniform, and/or in and during the course and scope of their duties and

functions as security officers for Defendant ALLIEDBARTON SECURITY SERVICES, and/or

while they were acting as agents and employees of defendant ALLIEDBARTON SECURITY

SERVICES, and, as a result, defendant ALLIEDBARTON SECURITY SERVICES is liable to

the plaintiffs pursuant to the state common law doctrine of respondeat superior.

77.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

78.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79.    By the actions described above, defendants COURT SERGEANT CHARLES FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER ROBERT PHILIOS; JOHN DOES; and RICHARD ROES did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

81.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

82.    By the actions described above, defendants COURT SERGEANT CHARLES

FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER

ROBERT PHILIOS; JOHN DOES; and RICHARD ROES falsely arrested and imprisoned

plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any

right or authority to do so. The acts and conduct of the defendants were the direct and proximate

cause of injury and damage to the plaintiff and violated his statutory and common law rights as

guaranteed by the laws and Constitution of the State of New York.

83.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific

and serious bodily injury, pain and suffering, psychological and emotional injury, great

humiliation, costs and expenses, and was otherwise damaged and injured.

### EIGHTH CLAIM

### ABUSE OF PROCESS

84.    The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

85.    By the conduct and actions described above, defendants COURT SERGEANT

CHARLES FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT

OFFICER ROBERT PHILIOS; JOHN DOES; and RICHARD ROES employed regularly issued

process against plaintiff compelling the performance or forbearance of prescribed acts. The

purpose of activating the process was intent to harm plaintiff without economic or social excuse

or justification, and the defendants were seeking a collateral advantage or corresponding

detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct

of the defendants were the direct and proximate cause of injury and damage to plaintiff and

violated his statutory and common law rights as guaranteed by the laws and Constitution of the

20

State of New York.

86.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

87.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

88.     By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

89.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE
### OF RIGHTS TO FREE SPEECH AND ASSOCIATION

90.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

91.     By the actions described above, defendants COURT SERGEANT CHARLES FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER

ROBERT PHILIOS; JOHN DOES; and RICHARD ROES violated, and retaliated for the

exercise of, the free speech and association rights of plaintiff.  The acts and conduct of the

defendants were the direct and proximate cause of injury and damage to plaintiff and violated his

statutory and common law rights as guaranteed by the laws and Constitution of the State of New

York.

92.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific

and serious bodily injury, pain and suffering, psychological and emotional injury, great

humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### TRESPASS

93.    The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

94.    By the actions described above, defendants COURT SERGEANT CHARLES

FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER

ROBERT PHILIOS; JOHN DOES; and RICHARD ROES willfully, wrongfully and unlawfully

trespassed upon the person of plaintiff.

95.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific

and serious bodily injury, pain and suffering, psychological and emotional injury, great

humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96.    The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

97.    By the actions described above, defendants COURT SERGEANT CHARLES
FARRUGIA; COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER
ROBERT PHILIOS; JOHN DOES; and RICHARD ROES engaged in extreme and outrageous
conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe
emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and
proximate cause of injury and damage to the plaintiff and violated his statutory and common law
rights as guaranteed by the laws and Constitution of the State of New York.

98.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific
and serious bodily injury, pain and suffering, psychological and emotional injury, great
humiliation, costs and expenses, and was otherwise damaged and injured.

<b><u>THIRTEENTH CLAIM</u></b>

<b>NEGLIGENCE</b>

99.    The plaintiff incorporates by reference the allegations set forth in all preceding
paragraphs as if fully set forth herein.

100.    By the actions described above, defendants COURT SERGEANT CHARLES
FARRUGIA, COURT OFFICER WILLIAM CHAN, Shield No. 2278; COURT OFFICER
ROBERT PHILIOS, DOES, ROES, MOES, and POES, jointly and severally, negligently caused
injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants
were the direct and proximate cause of injury and damage to the plaintiff and violated his
statutory and common law rights as guaranteed by the laws and Constitution of the State of New
York.

23

101.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

102.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

103.    Defendant ALLIEDBARTON SECURITY SERVICES negligently hired, screened, retained, supervised and trained defendants MOES, ANGEL BARBOSA, RICHARD CHENG, JOACHIM KOKENJAK, ALEX MENUAU, OLUFEMI ADEGOKI and POES.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

104.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

## CONSTITUTIONAL TORT

105.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

106.    Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

107.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

## SIXTEENTH CLAIM

### AMERICANS WITH DISABILITIES ACT and REHABILITATION ACT

108.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

109.    By the actions described above, defendants violated plaintiff's rights as protected by the Americans with Disabilities Act and the Rehabilitation Act. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his rights as guaranteed by these Federal statutes.

110.    As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

## SEVENTEENTH CLAIM

### NEW YORK CITY HUMAN RIGHTS LAW

111.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

112.    By the actions described above, defendants violated plaintiff's rights as protected by the New York City Human Rights Law (NYC Admin. Code § 8-101 et seq.). The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the

plaintiff and violated his rights as guaranteed thereby.

113.   As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empanelling of a jury to consider the merits of the claims herein;

d.  A declaratory judgment;

e.  An injunction requiring that proper training and security protocols be put in place by the City of New York and by AlliedBarton to ensure that equal access to buildings owned and/or operated by the City of New York and/or AlliedBarton Security Services be provided to persons wearing defibrillators and other types of cardiac equipment;

f.  Costs and interest and attorney's fees;

g.  Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           August 5, 2011

                                   JEFFREY A. ROTHMAN, Esq.
                                   315 Broadway, Suite 200
                                   New York, New York 10007
                                   (212) 227-2980
                                   Attorney for Plaintiff