UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
HEYWARD DOTSON,                                           :
                                                          :
                                    Plaintiff,            :           11 Civ. 1126 (PAE)
                                                          :
                    -v-                                   :           OPINION & ORDER
                                                          :
COURT SERGEANT "FNU" (FIRST NAME                          :
UNKNOWN) FARRUGIA et al.,                                 :
                                                          :
                                    Defendants.           :
                                                          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

        Plaintiff Heyward Dotson moves pursuant to S.D.N.Y. Local Civil Rule 6.3 for

reconsideration of the portion of the Court's Opinion and Order, dated March 26, 2012 (the

"March 26 Opinion"), which dismisses his claims under the Americans with Disabilities Act (the

"ADA") and the Rehabilitation Act. *See* Dkt. 43. For the following reasons, plaintiff's motion

for reconsideration is denied.

## A. Applicable Legal Standard

        The standard governing motions for reconsideration under S.D.N.Y. Local Civil Rule 6.3

"is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*

*Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "neither an occasion for repeating old

arguments previously rejected nor an opportunity for making new arguments that could have

previously been made." *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19

[1]

(S.D.N.Y. 2005).  Accordingly, "[c]ourts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue those issues already considered when a party does not like the way the original motion was resolved."  *Families for Freedom v. U.S. Customs & Border Prot.*, No. 10-cv-2705, 2011 U.S. Dist. LEXIS 113143, at \*7 (S.D.N.Y. Sept. 30, 2011) (citing *Makas v. Orlando*, No. 06-cv-14305, 2008 U.S. Dist. LEXIS 40541, at \*1 (S.D.N.Y. May 19, 2008) (internal quotation marks and additional citation omitted)).  Generally, district courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice."  *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010) (internal quotation marks and citation omitted).

### B.  Discussion

In support for his motion for reconsideration, plaintiff argues that he adequately pled the existence of a disability that substantially limits a major life activity.  Title II of the ADA, entitled "Public Services," states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Natarelli v. VESID Office*, 420 F. App'x 53, 54 (2d Cir. 2011).  "To state a Title II claim, a plaintiff must adequately allege that:  (1) he is a qualified individual with a disability; (2) he was excluded from participation in a public entity's services, programs, or activities; and (3) the exclusion was the result of his disability."  *Natarelli*, 420 F. App'x at 54-55 (quoting *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)) (internal quotation marks omitted).

In its March 26 Opinion, the Court dismissed plaintiff's claims under the ADA and the Rehabilitation Act, finding that plaintiff did not adequately plead a violation of the law.  In his

[2]

Second Amended Complaint, plaintiff does state generically that he has a "cardiac disability" and that he had a defibrillator implanted in his chest.  In its March 26 Opinion, the Court held that these allegations, without more, did not make out the element of a disability under the ADA or the Rehabilitation Act.  Plaintiff points to no facts or controlling case law which the Court ignored, and which dictate a different outcome.  Furthermore, the Court notes that plaintiff does not adequately plead the second element under Title II:  that he was "excluded from participation in a public entity's services, programs, or activities."  Plaintiff was not excluded from state court on the day of the incident in question, let alone on account of his cardiac disability or his defibrillator.  By his own account, he was *admitted* to court.  Plaintiff's grievance is that he was admitted in a fashion that caused him bodily injury.  Such an allegation may sound in tort, or merit some other form of relief.  It does not, however, as pled, implicate the ADA.

The cases cited by plaintiff in support of his argument for reconsideration are either from circuits or districts whose opinions are not binding on this court, or are not inconsistent with the analysis in the March 26 Opinion.  The only binding opinion to which plaintiff cites in support of his arguments under the ADA and the Rehabilitation Act is *Weixel v. Board of Education of the City of New York*, 287 F.3d 138 (2d Cir. 2002).  However, that case is readily distinguishable both factually and procedurally.  In *Weixel*, a high school student brought claims under the ADA and the Rehabilitation Act, alleging that she was prevented by her school from taking certain classes based on her prior absences, which were due to a disability.  The Second Circuit found that the plaintiff in that case was denied a benefit received by others, and the denial was due to her disability.  Here, plaintiff was not denied a benefit received by others—rather, he was granted access to the courthouse, but simply in a manner other than that which he desired.  Furthermore, as the Second Circuit repeatedly stressed in *Weixel*, the plaintiff there was

[3]

proceeding *pro se*, and thus the court had to read her complaint "to suggest the strongest arguments that can be made." *Weixel*, 287 F.3d at 141; *see also id.* ("courts are required to read a *pro se* pleading to suggest the strongest arguments that can be made"); *id.* at 146 (when there is a *pro se* plaintiff "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s]" (internal citation and quotation marks omitted); *id.* at 147 (because plaintiff is *pro se*, the claims in the complaint must be "read liberally").

Plaintiff's motion constitutes an attempt to relitigate issues resolved by this Court in the March 26 Opinion, and does not meet the demanding standard of S.D.N.Y. Local Civil Rule 6.3.

## CONCLUSION

For the foregoing reasons, plaintiff's arguments are without merit and his motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion at docket number 47.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: May 22, 2012
       New York, New York

[4]

proceeding *pro se*, and thus the court had to read her complaint "to suggest the strongest arguments that can be made." *Weixel*, 287 F.3d at 141; *see also id.* ("courts are required to read a *pro se* pleading to suggest the strongest arguments that can be made"); *id.* at 146 (when there is a *pro se* plaintiff "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s]" (internal citation and quotation marks omitted); *id.* at 147 (because plaintiff is *pro se*, the claims in the complaint must be "read liberally").

Plaintiff's motion constitutes an attempt to relitigate issues resolved by this Court in the March 26 Opinion, and does not meet the demanding standard of S.D.N.Y. Local Civil Rule 6.3.

## CONCLUSION

For the foregoing reasons, plaintiff's arguments are without merit and his motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion at docket number 47.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 22, 2012
New York, New York

[4]